IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CENTURION BULK PTE LTD<br>　　*Plaintiff*,<br><br>v.<br><br>NUSTAR ENERGY SERVICES, INC.<br>　　*Defendant*. | §<br>§<br>§<br>§　C.A. No. 4:19-cv-00931<br>§　Admiralty 9(h)<br>§<br>§<br>§ |

## COMPLAINT

Plaintiff, Centurion Bulk Pte Ltd ("Centurion"), files its Complaint against Defendant, NuStar Energy Services, Inc. ("NuStar"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has jurisdiction under 28 United States Code § 1333.

2. Venue is proper in this Court as all or a substantial portion of the acts and/or omissions giving rise to this claim occurred within this district.

## PARTIES

3. At all material times to this action, Centurion was and is a foreign company duly organized and operating under foreign law with its principal place of business in Singapore. Centurion was the Charterer of the M/V SAN ANTONIO ("Vessel").

4. At all material times, NuStar was a corporation organized under Delaware law with its principal place of business at 19003 IH-10, San Antonio, Texas 78257.  It may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## FACTUAL BACKGROUND

5. On or about March 2, 2018, Centurion contracted with NuStar for the supply of bunker fuel to the Vessel to be provided in Houston, Texas. That delivery occurred on March 15, 2018. (*See* Exhibit 1, Confirmation of Sales dated March 2, 2018, NuStar Sales Agreement and NuStar Marine Fuel Delivery Note dated March 15, 2018.)

6. After delivery, it was determined that the bunkers were contaminated, unfit, and unable to be used for their intended purpose. Initial testing of the fuel was performed on May 5, 2018, and the results indicated that the fuel contained impurities such as Bisphenol F, Bisphenol A and other oxygenated compounds. (*See* Exhibit 2, FOBAS Fuel Quality Investigation Report dated May 7, 2018.) On May 10, 2018, Centurion transmitted the Fuel Quality Investigation Report to NuStar. (*See* Exhibit 3, Email Correspondence dated May 10, 2018.)

7. The NuStar Sales Agreement states that "[a]ll fuel oil supplied is in accordance with specifications set by ISO 8217: 2010(E) and conforms to regulations 14 and 18 of Annex VI of MARPOL 73/78." The May 7, 2018, Fuel Quality Investigation Report indicates the contaminants rendered the fuel off-specification according to clause 5 of ISO 8217 and MARPOL annex VI section 18.

8. As a result of NuStar's provision of off-specification fuel, NuStar did not meet the specifications set forth in its agreement resulting in a breach of the agreement in place between the parties, causing Centurion damages.

## CLAIM AND DAMAGES

9. NuStar's failure to provide bunker fuel in accordance with clause 5 of ISO 8217 and MARPOL annex VI section 18 as required by the NuStar Sales Agreement is a material breach of the contract and entitles Centurion to damages. The contaminants contained in the

bunker fuel render it unusable for its intended purposes and is, therefore, a breach of the contract. The failure to provide bunkers according to specification and that were materially unfit for their intended purpose constitutes a breach of the warranties of merchantability and fitness for a particular purpose.

10. As a result of NuStar's breach of contract and breach of warranties, Centurion has sustained money damages in excess of this Court's minimal jurisdictional limits.

11. Centurion is entitled to monetary damages for all economic losses, contractual losses and liabilities, additional fees, costs and expenses, attorney's fees, and all other monetary losses to be proved at trial as a result of Defendant's failure to provide on-spec bunkers.

12. All conditions precedent to Centurion's claims against NuStar have occurred, been performed, satisfied, or otherwise fulfilled.

## **PRAYER**

For these reasons, Centurion prays that:

A. Process in due form of law issue against NuStar, citing it to appear and answer the matters alleged in the Complaint, failing which default judgment be entered against it in an amount to be determined by the Court;

B. This Court award Centurion damages in an amount to be proved at trial, award attorneys' fees and costs incurred in this action, and award pre- and post-judgment interests at the maximum rates provided for by law.

C. Centurion also prays for all other and further relief as the Court deems just, proper and equitable.

Respectfully submitted,

*/s/ James T. Bailey*
Robert L. Klawetter
Fed. ID No. 2471
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
Fed. ID. No. 25142
State Bar No. 24002910
schovajsa@easthamlaw.com
James T. Bailey
Fed. ID No. 30347
State Bar No. 24031711
bailey@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, TX  77002
Telephone: (713) 225-0905
Facsimile:  (713) 225-2907

*Attorneys for Plaintiff,*
*Centurion Bulk Pte Ltd*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.